**Hughes
Hubbard
& Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Sarah Cave
Partner
Direct Dial: +1 (212) 837-6559
Direct Fax: +1 (212) 299-6559
sarah.cave@hugheshubbard.com

January 11, 2019

VIA ECF & HAND DELIVERY

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    In re Customs and Tax Administration of the Kingdom of Denmark (SKAT)
>          Tax Refund Scheme Litigation, 18-md-2865 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff SKAT, the Customs and Tax Administration of the Kingdom of Denmark, to respond to Lead Counsel Mark D. Allison's Letter and Proposed Order regarding the role of Lead Counsel in this multidistrict litigation (the "Proposal") (Dkt. No. 53). Plaintiff SKAT largely agrees with Lead Counsel's Proposal with the exception of one suggested modification, discussed below. SKAT further states that it has conferred with Lead Counsel regarding the proposed modification, and Lead Counsel stated that he does not object to the revisions below.

Although SKAT believes that the Proposal will help to establish an efficient process for managing discovery and other pretrial matters, SKAT respectfully suggests that one of Lead Counsel's proposed guidelines, concerning individual discovery disputes, be slightly modified in order to ensure that individual discovery disputes are properly addressed. As it stands, the guideline concerning individual discovery disputes, on page two of Lead Counsel's Proposal under the heading for Discovery Matters, provides as follows:

> To the extent any of the Consolidated Defendants have separate or specific discovery issues or disputes not addressed by Lead Counsel, or such Defendants disagree with any proposed resolution reached by Lead Counsel, such Defendants may address these issues or disputes separately with plaintiff's Counsel. Lead Counsel will endeavor to identify any such Defendants to Plaintiff's counsel to the extent practicable.

In order to ensure the just and efficient resolution of any discovery disputes, SKAT requests that this guideline be modified to require any Defendants with individual discovery issues or disputes not addressed by Lead Counsel to affirmatively inform SKAT's Counsel of their issues so that the parties may meet and confer to resolve any such disputes. To the extent any Defendants fail to affirmatively inform SKAT's Counsel of their individual discovery issues or disputes, then those Defendants will be deemed to have consented to the resolution reached by Lead Counsel. SKAT therefore suggests that the guideline concerning individual discovery disputes be modified as follows, with additions in bold and eliminations crossed out:

> To the extent any of the Consolidated Defendants have separate or specific discovery issues or disputes not addressed by Lead Counsel, or such Defendants disagree with any proposed resolution reached by Lead Counsel, such Defendants ~~may~~ **must notify plaintiff's Counsel that a dispute exists and attempt to** address these issues or disputes separately with plaintiff's Counsel. ~~Lead Counsel will endeavor to identify any such Defendants to Plaintiff's counsel to the extent practicable~~**To the extent such Defendants fail to notify plaintiff's Counsel that a dispute exists, they will be deemed to have consented to the resolution reached by Lead Counsel**.

SKAT believes that this modification will contribute to the just and efficient conduct of this litigation, eliminate duplicative discovery, and help to prevent inconsistent pretrial rulings.

Respectfully submitted,

Sarah L. Cave

cc:   Counsel of Record (via ECF)

Raubritter LLC Pension Plan (via First Class Mail)